**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

◆

JERMAINE CROWDER, STACEY KELLAM and TANYA VARNER,
individuals, on behalf of themselves and all others similarly situated,

*Plaintiffs and Appellants*

v.

BLUE CROSS OF CALIFORNIA, ANTHEM BLUE CROSS LIFE AND
HEALTH INSURANCE COMPANY, THE WELLPOINT COMPANIES, INC.
and THE WELLPOINT COMPANIES OF CALIFORNIA, INC.,

*Defendants and Appellees.*

◆

Appeal From the United States District Court
For the Central District of California
Case No. 2:14-CV-4747 MMM(CWx)
Honorable Margaret M. Morrow, Presiding

◆

**APPELLEES' ANSWERING BRIEF**

◆

Jeffrey A. Wortman (Bar No. 180781)
James M. Harris (Bar No. 102724)
Jill A. Porcaro (Bar No. 190412)
Kiran A. Seldon (Bar No. 212803)
SEYFARTH SHAW LLP
2029 Century Park East, Suite 3500
Los Angeles, California 90067
Telephone: (310) 277-7200

Counsel for Appellees/Defendants
BLUE CROSS OF CALIFORNIA, ANTHEM BLUE CROSS LIFE AND
HEALTH INSURANCE COMPANY, THE WELLPOINT COMPANIES, INC.
and THE WELLPOINT COMPANIES OF CALIFORNIA, INC.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................ ii

CORPORATE DISCLOSURE STATEMENT ......................................................1

JURISDICTIONAL STATEMENT ..........................................................................2

ISSUES PRESENTED.............................................................................................2

STATEMENT OF THE CASE .................................................................................3

SUMMARY OF ARGUMENT ..............................................................................11

STANDARD OF REVIEW ....................................................................................13

ARGUMENT .........................................................................................................14

I.      The Order Declining to Remand Crowder Must Be Affirmed......................14

      1.      The Statute ...............................................................................15

      2.      Legislative History—the Senate Report ...................................16

      3.      CAFA Removal is Favored and Exceptions Must Be
         Read Narrowly ..........................................................................18

      4.      The Case Law............................................................................19

      5.      There Is No Support For Plaintiffs' Contention That
         Crowder Must Be Remanded...................................................21

II.     The Pre-Removal Consolidation Has No Impact On The Analysis.............24

CONCLUSION ......................................................................................................35

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Abrego Abrego v. The Dow Chem. Co.*,
443 F.3d 676 (9th Cir. 2006) ............................................................13

*Allen v. Boeing Co.*,
784 F.3d 625 (9th Cir. 2015) .............................................................18

*Benko v. Quality Loan Serv. Corp.*,
2015 WL 3772885 (9th Cir. June 18, 2015).......................................18

*Boise Cascade Corp. v. U.S. E.P.A.*,
942 F.2d 1427 (9th Cir. 1991) ...........................................................21

*Coleman v. Estes Express Lines, Inc.*,
627 F.3d 1096 (9th Cir. 2010) .....................................................16, 18

*Corber v. Xanodyne Pharm., Inc.*,
771 F.3d 1218 (9th Cir. 2014) ...........................................................33

*Dart Cherokee Basin Operating Co. v. Owens*,
– U.S. –, 135 S.Ct. 547 (2014)..........................................................18

*Freeman v. Blue Ridge Paper Products, Inc.*,
551 F.3d 405 (6th Cir. 2008) .............................................................33

*Fristoe v. Reynolds Metals Co.*,
615 F.2d 1209 (9th Cir. 1980) ...........................................................24

*Gibo v. U.S. Nat. Ass'n*,
2013 WL 363140 (D. Haw. Jan. 29, 2013)......................19, 20, 21, 22

*In re Methyl Tertiary Butyl Ether Products Liability Litig.*,
399 F.Supp.2d 340 (S.D.N.Y. 2005) .............................................32, 33

*Kuxhausen v. BMW Fin. Servs. NA LLC*,
707 F.3d 1136 (9th Cir. 2013) ...........................................................16

*Lafalier v. Cinnabar Serv. Co.*,
2010 WL 1486900 (N.D. Okla. Apr. 13, 2010)............................20, 21

*Lima v. Deutsche Bank Nat. Trust Co.*,
  2013 WL 1296757 (D. Haw. Mar. 29, 2013) ...............................................19, 20

*Maniar v. FDIC*,
  979 F.2d 782 (9th Cir. 1992) ...............................................................................24

*Marple v. T-Mobile Cent., LLC*,
  2011 WL 300162 (W.D.Mo. Jan. 27, 2011), aff'd 639 F.3d 1109 (8th Cir.
  2011) ...................................................................................................................27, 28

*McAtee v. Capital One, F.S.B.*,
  479 F.3d 1143 (9th Cir. 2007) ...........................................................................27, 29

*Oakland v. Abend*,
  2007 WL 2023506 (N.D.Cal. 2007) ...................................................................32, 33

*Schneider v. Chertoff*,
  450 F.3d 944 (9th Cir. 2006) ...............................................................................26

*Serrano v. 180 Connect, Inc.*,
  478 F.3d 1018 (9th Cir. 2007) ...........................................................................15, 16

*Sherman v. Mantle Oil & Gas*, *LLC*,
  2011 WL 130240 (E.D. La. Jan. 14, 2011) .......................................................20

*Visendi v. Bank of Am., N.A.*,
  733 F.3d 863 (9th Cir. 2013) ...............................................................................16

*Watkins v. Vital Pharm., Inc.*,
  720 F.3d 1179 (9th Cir. 2013) ...........................................................................14

**STATE CASES**

*Wouldridge v. Burns*,
  265 Cal. App.2d 82, 83-84 (1968)........................................................................31

**FEDERAL STATUTES**

119 Stat 4, § 9 (2005)..............................................................................................29

28 U.S.C. § 1332(d)...................................................................................................2

28 U.S.C. 1332(d)(7)................................................................................................30

iii

28 U.S.C. § 1332(d)(1)(B) ...........................................................26, 27

28 U.S.C. § 1332(d)(2)...................................................................5, 15

28 U.S.C. § 1332(d)(4).................................................................passim

28 U.S.C. § 1453(c) ..............................................................................2

**OTHER STATUTES**

Cal. Code Civ. Proc. § 350 ..............................................................27

Cal. Code Civ. Proc. § 411.10 ........................................................30

**RULES**

FRCP 23 ...............................................................................................26

**OTHER AUTHORITIES**

S. REP. 109-14 (2005), reprinted in 2005 U.S.C.C.A.N. 3 .............passim

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Defendants Blue Cross of California ("Blue Cross"), Anthem Blue Cross Life and Health Insurance Company ("Anthem"), The WellPoint Companies, Inc. ("Wellpoint"), and The WellPoint Companies of California, Inc. ("Wellpoint California"), by their attorneys, hereby state that they are wholly owned subsidiaries of Anthem, Inc. (f/k/a WellPoint, Inc.), and there are no publicly held companies that own 10% or more of their stock.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED:  July 23, 2015 | SEYFARTH SHAW LLP |
|  |  |
|  | By /s/ *Kiran A. Seldon* |
|  | Kiran A. Seldon |
|  | Attorneys for Appellees/Defendants |

## JURISDICTIONAL STATEMENT

Defendants-Appellees Blue Cross of California, Anthem Blue Cross Life and Health Insurance Company, The WellPoint Companies, Inc. and The WellPoint Companies of California, Inc. ("Defendants") removed this putative class action to federal court under the Class Action Fairness Act, 28 U.S.C. §§ 1332(d) ("CAFA"). ER-802.

On January 29, 2015, the U.S. District Court of the Central District of California entered an Order declining to remand this action. ER-1. On July 6, 2015, pursuant to 28 U.S.C. § 1453(c), this Court granted the Petition for Permission to Appeal from the Order filed by plaintiffs Jermaine Crowder, Stacey Kellam and Tanya Varner ("Plaintiffs"). Dkt.-1. Accordingly, Defendants do not dispute that this Court has jurisdiction over Plaintiffs' appeal.

## ISSUES PRESENTED

1.     When a plaintiff files multiple class actions against the same defendant on the same day, does the "local controversy" exception apply to defeat CAFA jurisdiction over all of the class actions, including those actions filed after the first-filed action?

2.     Whether, and if so, how does a state court's consolidation of two class actions "for all purposes" prior to removal affect the Court's analysis of removal jurisdiction under CAFA.

**STATEMENT OF THE CASE**

**1.    *Class counsel file two overlapping class actions in state court on the same day.*** On October 20, 2011, Plaintiffs-Appellees Ebony Bridewell-Sledge and Bettie Perry ("Plaintiffs") filed a putative class action in San Francisco Superior Court against Blue Cross, Anthem, and various fictitious defendants (the "*Bridewell* Action"). ER-902.

They alleged employment discrimination claims on behalf of two putative classes: (1) "All African-Americans employed by Defendants" in California "from September 2007 through the present," and (2) "All female employees employed by Defendants" within California during the same time period. ER-905. The two classes together contain over 9,000 people. ER-208:16-20.

That same day, the same counsel filed this putative class action against the same defendants in the same court on behalf of the same putative class (the "*Crowder* Action"). ER-368-378. The named plaintiff in this case are Jermaine Crowder, Stacey Kellam and Tanya Varner. *Id.* As counsel later explained, the principal difference between the cases is that *Bridewell* asserts pay discrimination claims, while *Crowder* asserts promotion discrimination claims. ER-753.

**2.    *The pending* Strong *class action.*** At the time that *Bridewell* and *Crowder* were filed, all the named Plaintiffs were also class members in another putative class action that had been filed in 2007 by the same lawyers against the

same defendants. (*Strong v. Blue Cross of California, et al.*, Los Angeles Superior Court No. BC 382405).

*Strong*, which counsel had filed in Los Angeles Superior Court, alleged similar race discrimination claims. ER-578, n.3; ER-772. Defendants prevailed in the trial court—the court denied plaintiff's motion for class certification and granted summary judgment against the named plaintiff. On March 11, 2011, Strong appealed the class certification ruling. On May 2, 2011, Strong appealed the summary judgment ruling.

Both *Strong* appeals were filed within three years preceding the filing of *Bridewell* and *Crowder*. *Strong v. Blue Cross of California, et al.*, B231512 (Opinion filed Jan. 23, 2013) and B232708 (Opinion filed February 8, 2013). Defendants ultimately prevailed in both Strong appeals. Id.

***3.*** ***The cases are consolidated on Plaintiffs' motion.*** Defendants moved to transfer the *Bridewell* and *Crowder* Actions to Los Angeles County Superior Court. Plaintiffs opposed the transfer. Defendants' transfer request was granted on January 26, 2012. ER-1, 12.

On September 9, 2013, Plaintiffs moved to consolidated the two cases. ER-967. Defendants filed their opposition on November 5, 2013. ER-962. On November 19, 2013, the Superior Court granted the consolidation motion, consolidating the cases "for all purposes." ER-955. In its order, the court noted

that consolidation "does not affect the rights of the parties," but is "merely to promote trial convenience." ER-953-54. Plaintiffs did not file a consolidated complaint.

On May 12, 2014, Plaintiffs filed two separate Amendment to Complaint documents—one to amend the *Bridewell* complaint and one to amend the *Crowder* complaint. ER-929-37. The amendments were to substitute Wellpoint and Wellpoint California for two of the "doe" defendants. *Id.* Wellpoint is an Indiana corporation that employed the majority of the class members in both *Bridewell* and *Crowder*. ER-485, ¶8; ER-851, ¶2-4.

**4.      *Defendants remove to federal court under CAFA.*** The two Wellpoint defendants were served on May 21, 2014. ER-2, 13. Because Wellpoint is an Indiana corporation, ER-851, ¶2-4, 806, service on it provided the first opportunity to remove the two class actions to federal court under CAFA's minimal diversity requirements. 28 U.S.C. §1332(d)(2).

On June 19, 2014, defendants filed removal petitions in both *Bridewell* and *Crowder*. ER-802, 887. On July 17, 2014, the two cases were consolidated by Judge Morrow, to whom they had been assigned. ER-724-25.

**5.      *The District Court twice determines* Bridewell *should not be remanded for lack of jurisdiction.*** On July 17, 2015, the District Court issued an order to show cause why *Bridewell* should not be remanded to state court for lack

of subject matter jurisdiction. ER-727. Specifically, it directed Defendants to discuss whether, if diversity were present, it nonetheless was required to remand under two exceptions to CAFA jurisdiction: the "home state" exception and the "local controversy" exception. ER-728.

Under the "local controversy" exception—the only exception relevant to this appeal— a court must decline to exercise CAFA jurisdiction if four conditions are present: (1) "greater than two-thirds of the [putative class] members. . .are citizens of the State in which the action was originally filed"; (2) "at least 1 defendant. . .from whom significant relief is sought. . .is a citizen of th[at] State"; (3) "principal injuries. . .were incurred in th[at] State"; and (4) "during the 3-year period preceding the filing of th[e] class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. §1332(d)(4).

Defendants filed a response demonstrating the existence of sufficient minimal diversity. ER-572-651. They did not dispute the first three "local controversy" exception criteria, but demonstrated that the fourth—no filing of a similar class action within the prior three years (the "no other class action" criteria)—had not been met. ER-577-78.

Plaintiffs filed a motion to remand, arguing (1) Defendants' removal petition had been untimely; and (2) remand was required under the "home state" exception,

ER-704-23, contentions they repeated in their response to the show cause order. ER-551-71. Plaintiffs' motion did not address the "local controversy" exception. ER-704-23.

On August 28, 2014, the District Court entered an order discharging its prior show cause order. ER-487. It found Defendants had proven diversity, ER-490, but that Plaintiffs had not met their burden of showing remand was required under either the "home state" or "local controversy" exceptions. ER-491-97.

On October 23, 2014, the District Court denied Plaintiffs' motion to remand, concluding the notice of removal was timely and that the "home state" exception was inapplicable. ER-238. It did not address the "local controversy" exception, which Plaintiff had not raised in its motion to remand. *Id.*

**6.** ***The District Court enters a similar show cause order in* Crowder, *which results in the remand of* Bridewell.** When it discharged the *Bridewell* show cause order on August 28, 2014, the District Court also issued a similar show cause order in *Crowder*. ER-500.

In their response, Defendants noted Plaintiffs "ha[d] not shown which class action was filed first." ER-420. Consequently, Defendants contended Plaintiffs "ha[d] not met their burden to prove that no similar class action was filed within three years before the *Crowder* Complaint was filed," making the "local controversy" exception inapplicable. Id.

Plaintiffs' reply to the *Crowder* show cause order focused on whether *Bridewell* should be remanded. ER-396-98. Contending the *Bridewell* complaint had been filed 13 minutes and 50 seconds before *Crowder*, they asserted that made the "local controversy" exception applicable to *Bridewell*. *Id.* As to *Crowder*, Plaintiffs contended it should be remanded because "[b]ut for the existence of [*Bridewell*], *Crowder* would unequivocally be a local controversy." ER-403.

Defendants filed a sur-reply on October 30, 2014, ER-130, along with a request for judicial notice of a Senate Report concerning CAFA. ER-138. As Defendants explained, the "local controversy" exception should not "exclude[] from federal court" "overlapping or competing class actions or class actions making similar factual allegations against the same defendant that would benefit from coordination." ER-133, quoting S. REP. NO. 109-14 (2005), at 40-41.

Rather, the purpose of CAFA was to "create efficiencies in the judicial system by enabling overlapping and 'copycat' cases to be consolidated in a single federal court. . ." ER-135-36, quoting S. REP. NO. 109-14, at 27. That purpose would be thwarted by remand here, Defendants argued, as three similar race discrimination class action cases had been pending against defendant Blue Cross in the prior three years (*Bridewell*, *Crowder* and *Strong* Actions). *Id.*

Alternatively, Defendants argued the District Court could exercise supplemental jurisdiction over *Bridewell* if it retained jurisdiction over *Crowder*.

ER-134-135.

**7.  *The order remanding* Bridewell.**  Although it had previously

discharged the *Bridewell* show cause order, the District Court remanded the case in

response to the briefing in *Crowder*.  ER-12.

In its January 14, 2015 remand order, the District Court began with the

premise that there is a "strong presumption against removal jurisdiction," such that

CAFA must be "strictly construe[d] against removal." ER-16.

It then determined that the "local controversy" exception applied.  As

relevant to this appeal, the District Court concluded that, because *Bridewell* "was

filed 13 minutes and 50 seconds before *Crowder*," and "no other action alleging

the same or similar claims was filed against defendants within the three year period

preceding the filing of" *Bridewell*, it "lack[ed] subject matter jurisdiction" over

*Bridewell* under the "local controversy" exception.   ER-25.

In reaching that conclusion, the District Court relied on three district court

cases (from Hawaii, Oklahoma, and Louisiana) interpreting the "other class action"

prong of the local controversy exception.  The District Court read those cases as

stating a rule that where "two actions [are] filed the same day," "the first-filed

action [is] filed within three years preceding the filing of the second action, such

that the court lacks jurisdiction over the first-filed action but not the second."  ER-

18-19.

While the District Court acknowledged this rule "leads to inefficiencies," it concluded it had to remand *Bridewell*, the first-filed action. ER-24. And, it concluded that the fact that *Bridewell* and *Crowder* had been consolidated did not affect its analysis. ER-19-20.

The District Court also rejected Defendants' argument that these consolidated, overlapping class actions did not fit the letter or intent of the "local controversy" exception as described in Senate Report No. 109-14. The District Court concluded that it could not consider the Senate Report at all because the statute purportedly was not ambiguous, and that the Report in any event was not persuasive. ER-21-22.

Finally, the District Court concluded that, although it was retaining the *Crowder* Action, it lacked power to exercise supplemental jurisdiction over the consolidated *Bridewell* Action. ER-24-25.

**8.      *The District Court concludes it has jurisdiction over* Crowder.** On January 29, 2015, the District Court discharged its show cause order in *Crowder*. ER-1. Applying the same reasoning it had in the *Bridewell* remand order, the District Court concluded it had jurisdiction over *Crowder* because *Bridewell* had been filed 13 minutes before Crowder. ER-9. Thus, the "no other class action" condition had not been met. *Id.*

The District Court rejected Plaintiffs' contention that both cases should be

remanded, concluding that "[t]he plain language of the local controversy exception forecloses any possibility of accepting plaintiff's argument." *Id.* at 8-9. It also rejected Plaintiffs' argument that the two cases did not assert "same or similar factual allegations," which is another prerequisite of the "no other class action" condition. Noting that both cases had been consolidated in state court and in federal court at Plaintiffs' request, the District Court found Plaintiffs' argument "unavailing." *Id.* at 9-10.

*9.* ***The parties petition for permission to appeal.*** On January 26, 2015, Defendants filed a petition for permission to appeal the order remanding *Bridewell*. No. 15-80017, Dkt.-1. On February 9, 2015, Plaintiffs petitioned to appeal the order declining to remand *Crowder*. No. 15-80023, Dkt.-1. On July 6, 2015, this Court granted both petitions. No. 15-56038, Dkt.-1; No. 15-56039, Dkt.-1.

<u>SUMMARY OF ARGUMENT</u>

This case presents the following issue: how does the "local controversy" exception's "no other class action" requirement apply in a situation when plaintiffs file two state court class actions against the same defendants on the same day?

The Court has been presented with three options: remand neither (Defendants' position), remand both (Plaintiffs' position), or remand just one (the District Court's order remanding *Bridewell*). As explained in the concurrently-filed Opening Brief in *Bridewell*, Defendants' position is the only one that is

consistent with the text, purpose, and legislative history of CAFA. The *Bridewell* brief also explains why the District Court's approach is not supported by CAFA.

In this brief, Defendants demonstrate that Plaintiffs' position has no merit whatsoever. Plaintiffs contend that both *Bridewell* and *Crowder* belong in state court, such that the District Court's order declining to remand *Crowder* must be reversed. But, as explained below, nothing in the text, purpose, or legislative history of the "no other class action" requirement supports this result.

The text of the "no other class action" requirement states: the district court shall decline jurisdiction "over a class action" if "during the three-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants…" 28 U.S.C. §1332(d)(4)(A).

No reasonable reading of this provision could lead the Court to conclude that *Crowder* must be remanded. *Bridewell* is another "class action" that was filed "during the three year period preceding the filing of" *Crowder*. The only way to reach the result Plaintiffs advocate is to analyze both cases in a vacuum: ignore *Bridewell* when determining whether to remand *Crowder*, and ignore *Crowder* when determining whether to remand *Bridewell*. That is the opposite of what the statutory text requires.

Further, CAFA's legislative history confirms that the "no other class action" provision is designed to keep multiple and overlapping class actions in federal court. Ignoring those "other class action[s]", as Plaintiffs urge, is the opposite of what Congress intended. Moreover, none of the case authority to have addressed the analogous same-day filing issue has adopted Plaintiffs' implausible approach.

Thus, this Court should reject Plaintiffs' interpretation of the "no other class action" provision.

Finally, this Court has asked the parties to brief whether the state court consolidation of *Bridewell* and *Crowder* has any impact on the removal analysis. It does not because, as explained in Part II below, the relevant point in time for determining whether "no other class action" has been filed is when *Bridewell* and *Crowder* were originally filed in October 2011. The state court's November 2013 consolidation order does not negate those earlier filings, nor could they under the plain text of CAFA.

For all of these reasons, the order declining to remand *Crowder* must be affirmed.

## STANDARD OF REVIEW

This Court's review of remand orders is *de novo*. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006). But "factual determinations

necessary to establish jurisdiction" are reviewed for clear error. *Watkins v. Vital Pharm., Inc.*, 720 F.3d 1179, 1181 (9th Cir. 2013).

## ARGUMENT

### I.    The Order Declining to Remand *Crowder* Must Be Affirmed

The District Court concluded that *Crowder* could not be remanded under the "local controversy" exception because it was filed thirteen minutes after *Bridewell*. Defendants do not agree with the District Court's "stopwatch" interpretation of the "other class action" condition, for the reasons stated in the concurrently-filed Opening Brief in *Bridewell*. *Bridewell* AOB at 10-32.

Nevertheless, the Order reached the right result with respect to *Crowder*— under the correct "anniversary date" interpretation, class actions filed on the same day must all be considered filed within the same "three year period," such that they all fall outside of the "local controversy" exception. *Bridewell* AOB at 32-39. Under that interpretation, *Crowder* was properly kept in federal court (and *Bridewell* should not have been remanded). Thus, the Order declining to remand *Crowder* must be affirmed (and the order remanding *Bridewell* must be reversed).

Plaintiffs offer a third interpretation—that is, when class actions are filed on the same day, both must be remanded under the "no other class action" criteria. No. 15-80023, Dkt. 1-2, Pl.'s Pet. for Permission to Appel ("Pet.") at 10-14. Thus, they contend, *Crowder* should have been remanded along with *Bridewell*. *Id.* As

explained below, their interpretation has no merit in light of CAFA's text, purpose and legislative history.

### 1. The Statute

CAFA "vests federal courts with 'original' diversity jurisdiction over class actions if" certain thresholds of minimal diversity, class size, and amount in controversy are met. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007); 28 U.S.C. § 1332(d)(2)&(5). There is no dispute that this class action satisfies these jurisdictional thresholds.

CAFA also has certain enumerated exceptions, one of which is the so-called "local controversy" exception. 28 U.S.C. §1332(d)(4). That exception, as noted above, has four statutory conditions, of which only the "no other class action" condition is relevant to this appeal. [1] To satisfy that condition, the party challenging removal—in this case, Plaintiffs—must prove that:

"during the 3-year period preceding the filing of th[e] class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons."

28 U.S.C. §1332(d)(4)(A); *Serrano*, 478 F.3d at 1021-22.

---

[1] The other requirements of the local controversy exception, which are not in dispute in this case, are: (1) "greater than two-thirds of the [putative class] members. . .are citizens of the State in which the action was originally filed"; (2) "at least 1 defendant. . .from whom significant relief is sought. . .is a citizen of th[at] State"; (3) "principal injuries. . .were incurred in th[at] State" 28 U.S.C. §1332(d)(4)(A).

The "local controversy" exception "is intended to 'identify ... a controversy that uniquely affects a particular locality' and to ensure that it is decided by a state rather than a federal court." *Coleman v. Estes Express Lines, Inc.*, 627 F.3d 1096, 1100 (9th Cir. 2010), quoting *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163-64 (11th Cir. 2006).

The threshold CAFA elements (minimal diversity, 100-plus class members, $5 million in controversy) "are the full extent of what subject matter jurisdiction demands." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140, n.1 (9th Cir. 2013). In contrast, "[t]he 'local controversy' exception is not jurisdictional." *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 869-70 (9th Cir. 2013) (declining to consider exception for the first time on appeal).

## 2. *Legislative History—the Senate Report*

The Senate Committee Report is the primary source of legislative history concerning CAFA. S. REP. 109-14 (2005), reprinted in 2005 U.S.C.C.A.N. 3.

As stated in the Report, CAFA was enacted to "create[] efficiencies in the judicial system by allowing overlapping and 'copycat' cases to be consolidated in a single federal court, [and to] place[] the determination of more interstate class action lawsuits in the proper forum–the federal courts." S. REP. 109-14, at 5.

The Senate Report also explains the purpose behind the "local controversy" exception: it is "intended to ensure that state courts can continue to adjudicate

truly local controversies in which some of the defendants are out-of-state corporations." S. REP. 109-14, 28. "At the same time," the Report makes clear, "*this is a narrow exception* that was carefully drafted to ensure that it does not become a jurisdictional loophole." S. REP. 109-14, 39 (emphasis added).

Therefore, the Report instructs that, "in assessing whether each of the[] [local controversy] criteria is satisfied by a particular case, a federal court should bear in mind that the purpose of each of these criteria is to identify a *truly local* controversy—a controversy that uniquely affects a particular locality to the exclusion of all others." *Id.* (emphasis added).

The "no other class action" criteria is, according to the Report, "a test for assessing whether a controversy is localized." S. REP. 109-14, 40. That is because, "if a controversy results in the filing of multiple class actions, it is a *strong signal* that those cases may not be of the variety that this exception is intended to address." *Id.* (emphasis added).

Another purpose of the "no other class action" condition, according to the Report, "is to ensure that *overlapping or competing class actions* or class actions making similar factual allegations against the same defendant that would benefit from coordination *are not excluded from federal court* by the Local Controversy Exception." S. REP. 109-14, 40-41 (emphasis added).

In short, the legislative history explains that the "no other class action" condition is an important check on the local controversy exception, designed to keep similar or overlapping class actions in federal court.

### 3. *CAFA Removal is Favored and Exceptions Must Be Read Narrowly*

Recently, the U.S. Supreme Court held that "no antiremoval presumption attends cases invoking CAFA," thus upending a large body of case law that had held to the contrary. *Dart Cherokee Basin Operating Co. v. Owens*, – U.S. –, 135 S.Ct. 547, 554 (2014).

Instead, "CAFA should be read 'with a *strong preference* that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Allen v. Boeing Co.*, 784 F.3d 625, 633 (9th Cir. 2015), quoting *Dart Cherokee*, 135 S.Ct. at 554 (emphasis added).  The reason for this, the U.S. Supreme Court held, is that "Congress enacted [CAFA] to facilitate adjudication of certain class actions in federal court." 135 S.Ct. at 554.

In contrast, and consistent with the Senate Report, this Court has repeatedly held that "the local controversy exception to CAFA jurisdiction is '*narrow*.'" *Coleman*, 627 F.3d at 1100 (emphasis added);  *Benko v. Quality Loan Serv. Corp*., 2015 WL 3772885, at *3 (9th Cir. June 18, 2015) ("We recognize that the 'local controversy exception' is a narrow one, particularly in light of the purposes of CAFA.")

### 4. *The Case Law*

As noted, federal appellate courts have yet to decide whether the "no other class action" criteria is satisfied when similar cases are filed against the same defendant on the same day. Two district court cases have addressed the issue, arriving at opposite conclusions.

The first, *Gibo v. U.S. Nat. Ass'n*, 2013 WL 363140 (D. Haw. Jan. 29, 2013), was a putative class action filed in state court by plaintiffs whose properties were allegedly improperly foreclosed on by Deutsche Bank. Another "nearly identical" class action (the *Lima* action) was filed by the same counsel against Deutsche Bank in the same state court four minutes later. *Id.* at *6-7.

After Deutsche Bank removed both cases, the magistrate judge recommended that, "by virtue of being filed four minutes later, the *Lima* action should remain in federal court." But the Magistrate further recommended that the *Gibo* action *also should remain in federal court*, even though it had been filed four minutes earlier and no other cases had been filed in the prior three years. The Magistrate reasoned that:

> in light of the "narrow" scope of CAFA's local controversy exception, Plaintiff's burden to prove it applies, judicial economy and the risk of inconsistent decisions, and the particular facts involved in this case where the same attorneys represent both putative classes at issue, the Court finds that the existence of the *Lima* matter is fatal to the application of the local controversy exception for remand even in the *Gibo* action.

*Id.* at \*7.[2]

The Magistrate, echoing arguments Defendants made here, concluded it would not serve CAFA's purposes to remand the first-filed case, particularly as the two cases involved the same counsel and were filed minutes apart.

The second case, *Lafalier v. Cinnabar Serv. Co.*, 2010 WL 1486900 (N.D. Okla. Apr. 13, 2010), reached a different result.  *Lafalier* concerned two class actions filed in separate counties on the same day.  In dicta (because the local controversy exception was inapplicable for other reasons), the court concluded the first-filed case satisfied the "no other class action" condition because, technically speaking, "there was no class action concerning the same or similar allegations on file at the time plaintiffs filed th[at] case." *Id.* at \*10, n. 9.  *See also Sherman v. Mantle Oil & Gas*, *LLC*, 2011 WL 130240, \*3-4 (E.D. La. Jan. 14, 2011) (remanding first of two class actions that had been filed five days apart and later consolidated by the district court).

---

[2] The District Court approved the Magistrate's reasoning.  *Lima v. Deutsche Bank Nat. Trust Co.*, 2013 WL 1296757 (D. Haw. Mar. 29, 2013) (Magistrate's conclusion "that it would violate the spirit of the 'local controversy' exception to ignore the *Lima* action, even if the filing of the *Lima* case did not technically 'precede' the filing of the *Gibo* case" was "clearly … the better … argument"). But the District Court concluded it did not need to decide the issue because plaintiffs failed to satisfy other requirements of the local controversy exception.

### 5. There Is No Support For Plaintiffs' Contention That Crowder *Must Be Remanded*

As explained above, CAFA jurisdiction is broad, and its exceptions are narrow. An action fits within the local controversy exception only if it is "truly local"—a term that, Congress has said, typically cannot be used to describe a controversy that results in multiple class action suits against a defendant.

Here, two such suits were filed on the same day (and a third was pending on appeal), against the same the defendants—one of which (Wellpoint) is an Indiana corporation that employed the majority of class members. ER-485, ¶8; ER-851, ¶2-4. Nevertheless, Plaintiffs contend that both *Crowder* and *Bridewell* are "local." They admit that they have been "unable to find any citable authority" that supports their position. Pet. at 11. Indeed, neither of the two district court cases that have addressed the same-day filing scenario adopted their approach. *Gibo*, *supra* (refusing to remand both cases); *Lafalier*, *supra* (refusing to remand second-filed case).

That is not surprising because Plaintiffs' position is completely divorced from the statutory text. In order to conclude that "no other class action" had been filed in the "three year period preceding" *Crowder*, the "other class action"— *Bridewell*—would have to be ignored entirely. But that interpretation would essentially negate the "no other class action" provision in its entirety. An interpretation that renders statutory terms superfluous must be avoided. *Boise*

*Cascade Corp. v. U.S. E.P.A.*, 942 F.2d 1427, 1432 (9th Cir. 1991)("we must interpret statutes as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous.")

Nevertheless, Plaintiffs advance two arguments in support of their position, neither of which has any merit.

*First*, Plaintiffs argued below that *Bridewell* and *Crowder* do not assert "same or similar factual allegations," as required by the "no other class action" condition. 28 U.S.C. 1332(d)(4) ("no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons."); ER-402. They purported to distinguish *Gibo*, *supra*, on that basis, asserting that, here, the two cases "are not identical" and "assert different claims and damages." *Id.*

But, as the District Court recognized below, Plaintiffs cannot have it both ways. ER-9. In the same breath as they were disclaiming similarity, Plaintiffs contended that the two cases "share common questions of fact and law," "seek damages stemming from the same discriminatory practices," and "were always intended to be packaged together." ER-400-02. Further, both cases involve the same defendants, class members, and statutory employment discrimination claims

(race and gender discrimination.)  ER-368, 902.  That was the reason Plaintiffs sought consolidation in both state and federal court.  ER-9.

Thus, the District Court correctly concluded that the cases are not "so dissimilar that *Bridewell-Sledge*'s filing within three years of *Crowder*'s does not serve to remove *Crowder* from the local controversy exception." ER-9.

*Second*, Plaintiffs argued in their Petition and below that their interpretation of CAFA is supported by the legislative history.  Pet. at 12-14; ER-403-05.

Specifically, Plaintiffs quoted from a passage of the Senate Report that confirms that (a) the "local controversy" exception "narrow" and "carefully drafted to ensure that it does not become a jurisdictional loophole"; (b) "if a controversy results in the filing of multiple class actions, it is a strong signal that those cases may not be of the variety that this exception is intended to address"; and (c) "another purpose of the ["no other class action"] criterion is to ensure that overlapping or competing class actions or class actions making similar factual allegations against the same defendant that would benefit from coordination are not excluded from federal court by the Local Controversy Exception." Pet. at 12-13, quoting S. REP. 109-14, 39-41.

As the District Court recognized, the passage on which Plaintiffs relied "concerns *allowing* the removal to federal court of overlapping or competing state court class actions, not the remand of actions to state court." ER-10 (emphasis in

original).  Thus, the legislative history completely undermines Plaintiffs' position that *Crowder*—an overlapping class action making similar allegations against the same defendants—must be remanded.

In sum, nothing in CAFA, its legislative history or case law supports Plaintiffs' position that *Crowder* should be remanded.  And as explained next, the fact that *Crowder* and *Bridewell* were consolidated in state court before removal does not affect the removal analysis.

## II.    The Pre-Removal Consolidation Has No Impact On The Analysis

This Court has requested briefing on "whether" and "how" the state court's consolidation of *Bridewell* and *Crowder* "affects the analysis of removal jurisdiction" in this case.  Dkt. #8.  Defendants presume the Court's request for briefing is borne of two considerations, discussed below.

First, if the Court is concerned that Defendants should have filed a single removal petition post-consolidation, that would not affect the removability analysis.  That is because procedural irregularities that do not affect substantive subject matter jurisdiction are waivable.  *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212-1213  (9th Cir. 1980).  Thus, the defect is waived unless a timely motion for remand is made.  *Maniar v. FDIC*, 979 F.2d 782, 785-786 (9th Cir. 1992) (filing removal notice more than 30 days after the case became removable is

a procedural, not jurisdictional, defect, which is waived unless a timely motion for remand is made).

Here, even if it were true that Defendants should have filed a single removal petition (which Defendants do not concede), Plaintiffs did not object to the separate removal petitions on that ground. ER-710-23. Thus, the fact that the cases were separately removed had no bearing on the District Court's subject matter jurisdiction.

Second, and more importantly, the pre-removal consolidation did not affect subject matter jurisdiction.[3] Defendants presume the Court's request for briefing is borne of a concern that the consolidation erased the existence of the "other class action[s]," thus bringing the consolidated case within the local controversy exception. But as explained below, the post-filing consolidation of the two cases is irrelevant: the relevant time period for CAFA's "no other class action" analysis is when *Bridewell* and *Crowder* were originally "filed."

**1.** ***Only the original class action filing dates are relevant under the plain text of the statute.*** The analysis must begin with the statutory text. CAFA states that the district court shall decline jurisdiction "over a class action" if "during the three-year period preceding the *filing* of that class action, no other class

---

[3] There is no dispute that *Bridewell* and *Crowder* independently satisfied CAFA's threshold jurisdictional requirements (minimal diversity, class size, $5 million). The consolidated case also met these jurisdictional thresholds, and Plaintiffs have not contended otherwise.

action has been *filed*…"  28 U.S.C. § 1332(d)(4)(A) (emphasis added).  CAFA

defines a "class action" as "any civil action" that is "*filed* under" FRCP 23 "or

similar State statute or rule of judicial procedure…" 28 U.S.C. §1332(d)(1)(B)

(emphasis added).

Applying the literal text of the statute, there can be no dispute that *Bridewell*

and *Crowder* were both "class actions" that were separately "filed" on October 20,

2011 in San Francisco County Superior Court.  *Schneider v. Chertoff*, 450 F.3d

944, 956 (9th Cir. 2006) (the legal definition of "file" is similar to the common

definition, which is "'[t]o deliver a legal document to the court clerk or record

custodian for placement into the official record.'"), quoting Black's Law

Dictionary 642 (7th ed. 1999).

The relevant question under CAFA is, when each was "filed," was there

another "class action" that had been filed in the preceding three-year period?  As

explained in the *Bridewell* Opening Brief, the answer to that question is yes—each

case must be considered to have been filed within the preceding three year period.

*Bridewell* AOB at  32-39.  The consolidation of the two "class actions" after each

has been "filed" cannot change this statutory result, as explained below.

**2.**     ***Other authority also confirms that only the original filing dates are***

***relevant to the "no other class action" requirement.***  Nothing in the statute or

legislative history suggests that consolidation could retroactively change the date

when two "class actions" were "filed." Indeed, existing authority supports the opposite conclusion.

First, state law governs when a class action is "filed under" its laws. *McAtee v. Capital One, F.S.B.*, 479 F.3d 1143, 1144 (9th Cir. 2007). That law, the California Code of Civil Procedure, sets a fixed date for when actions are filed. Cal. Code Civ. Proc. §350 ("An action is commenced … when the complaint is filed."); *id.*, §411.10 ("A civil action is commenced by filing a complaint with the court."). CAFA is consistent, defining a class action as a "civil action … filed under" state class action rules. 28 U.S.C. §1332(d)(1)(B). The CAFA definition thus presupposes the *filing* of state court action, not the subsequent entry of a trial court consolidation order.

Second, the case authority supports that a class action has a fixed "filing" date under CAFA, irrespective of consolidation—that is, the date the original state court class action complaint was filed. In *Marple v. T-Mobile Cent., LLC*, 2011 WL 300162 (W.D.Mo. Jan. 27, 2011), aff'd 639 F.3d 1109 (8th Cir. 2011), for example, plaintiffs filed ten separate actions in state court. Following removal, the district court consolidated the cases. Defendants argued that the amounts in controversy should be aggregated across all ten cases, arguing they "should be construed here as a single class action" because of the consolidation. *Id.* at *2.

The District Court disagreed.  Examining CAFA's text, which states that "class action" is defined as "any civil action filed under" a state rule authorizing class actions, it reasoned:

> [B]y a plain reading of the CAFA text, *Plaintiffs have filed ten separate class actions*. That is, there are before the Court ten civil actions filed under Missouri law … as a class action. The Court's October 25 Order that the ten above-captioned actions were "consolidated for pretrial proceedings into the lowest case number 10–00954–CV–C–NKL" did not alter the fact that those actions *were filed as* ten class actions….

> By a plain reading of the statutory text, the claims of the individual class members in "any class action" shall be aggregated to determine whether the matter in controversy exceeds the sum of $5,000,000.  Here, by the statutory definition of "class action," Plaintiffs' claims must be aggregated only within each of the ten class actions.

*Id.* at *2 (emphasis added).

Based on *Marple*'s reasoning, which hinged on "the fact that those actions were filed as ten class actions," it should not matter whether the consolidation occurred in state or federal court—the focus of the inquiry is on the timeframe when the class actions were filed.

So here, *Bridewell* and *Crowder* were two separate "class actions" "filed under" California law.  Under a plain reading of CAFA, therefore, the "three-year period preceding the *filing* of that class action" must refer to the date the two class actions were filed in state court.  28 U.S.C. § 1332(d)(4)(A) (emphasis added).

The post-filing entry of a consolidation order cannot, under even the most strained reading of the statute, constitute the "filing" of an action, or eliminate the earlier two state court filings.

Further, case authority determining when an action is "commenced" under CAFA is also instructive.[4]  In *McAtee*, 479 F.3d at 1144, this Court held that an action is commenced under CAFA "when the original complaint in the action is filed." *Id.*  Thus, the substitution of a named defendant for a Doe defendant in the state court did not commence a new civil action against that defendant under CAFA.  *Id.*

Similarly, in *Expedia Hotel Taxes & Fees Litig.*, 377 F.Supp.2d 904, 905 (W.D.Wash. 2005), plaintiffs filed three state court complaints before CAFA's effective date, which the state court consolidated after CAFA became law. Defendants argued that the consolidation commenced a new action as of the date of consolidation.  Plaintiffs "argue[d] that '*commenced' means 'filed*,'" such that the "consolidated case consists of cases filed entirely before CAFA's effective date." *Id.* (emphasis added).

The District Court agreed with plaintiffs' interpretation, concluding that, under state procedural law, "commencement occurs with 'filing.'" *Id.* at 906; *cf.*

---

[4] Only civil actions "commenced" on or after February 18, 2005 are subject to CAFA. *See* CLASS ACTION FAIRNESS ACT OF 2005, PL 109–2, February 18, 2005, 119 Stat 4, §9.

Cal. Code Civ. Proc. §411.10 ("A civil action is commenced by filing a complaint"). Thus, the relevant date for purposes of the analysis was the original filing of the individual complaints, not the subsequent consolidation.

Finally, if Congress wanted the "no other class action" condition to be measured as of the date a class action was removable (instead of as of the date it was filed), it would have said so. Indeed, it made the removability condition explicit with respect to the "local controversy" exception's citizenship requirement, stating that "[c]tizenship … shall be determined as of the date of the filing of the complaint … or other paper indicating the existence of federal jurisdiction." 28 U.S.C. 1332(d)(7). That Congress instead used the phrase "during the 3-year period preceding the *filing* of that class action, no other class action has been *filed*" confirms that this condition must be analyzed at the date of filing of *Bridewell* and *Crowder*, not the date of consolidation or removability.

In short, the relevant time period for analyzing whether the "no other class action" requirement is met is when the state court class actions were filed. A subsequent consolidation is irrelevant under the literal terms of the statute. [5]

---

[5] Further, though only the original filing date is relevant for the reasons stated above, it is worth noting that a consolidated complaint was never filed in state court in these cases. Rather, when they added the Wellpoint defendants, Plaintiffs did so by filing separate amendments to the *Bridewell* and *Crowder* complaints. ER-929-37.

### 3. *Consolidation does not change or erase the original filing dates.*

Plaintiffs may argue that the consolidated case is the "class action" against which the "no other class action" condition's three-year look-back period is measured. But even if that were true (which it is not for the reasons explained above), that would not change the result—under the literal terms of the statute, if the consolidated case is a new "class action," then *Bridewell* and *Crowder* necessarily were filed in the three years preceding the "filing" of the consolidated class action. Thus, the local controversy exception would still not apply.[6]

Further, there is nothing in the statute or legislative history to suggest that a consolidation, even for all purposes, could erase the fact that two separate "class actions" had originally been "filed." Indeed, such an interpretation would render the entire "no other class action" provision a nullity. *Wouldridge v. Burns*, 265 Cal. App.2d 82, 83-84 (1968) ("A consolidation of actions does not affect the rights of the parties. The purpose of consolidation is merely to promote trial convenience and economy.")

---

[6] Indeed, if the Court were to adopt such an expansive interpretation of the terms "class action" and "filed," it would also have to conclude that the appeal of the class certification ruling in *Strong* was a "class action" that was "filed" in the three years preceding the filing of *Bridewell* and *Crowder*. *Strong* Docket, B231512; ER-368, 902. And it would have to conclude that the *Strong* appeal was also filed within the three years preceding the consolidation of *Bridewell* and *Crowder*. *Strong* Docket, B231512; ER-955. Thus, the local controversy exception would not apply for these additional reasons.

To illustrate, suppose counsel, over the course of two weeks, filed five separate state court class actions against the same defendants arising out of the same controversy, each of which satisfied CAFA's jurisdictional thresholds. If the state court were to consolidate these actions before defendants sought removal, and that consolidated action could retroactively wipe out the five separate "filing" dates of the five separate "class actions," plaintiffs could prevent removal.

That result is the opposite of what Congress intended. As noted, CAFA's purpose is to expand federal jurisdiction over multiple and overlapping class action suits. The filing of such multiple and overlapping suits is also a "strong signal" that a controversy is not "truly local." Moreover, Congress was clear that the "local controversy" exception is narrow, and not to be used as a "jurisdictional loophole."

Thus, to conclude that plaintiffs could prevent otherwise-qualifying class actions from reaching federal court simply by securing pre-removal consolidation would completely undermine the text, purpose and legislative history of CAFA.

That consolidation is not a tool to prevent federal court jurisdiction is confirmed by the cases cited in the Court's order. Dkt. #8. In each case, state court consolidation *created* a basis for removal, it did not destroy it. In *Oakland v. Abend*, 2007 WL 2023506 (N.D.Cal. 2007), two cases that had been completely consolidated were subject to removal because one of the cases presented a federal

question. And in *In re Methyl Tertiary Butyl Ether Products Liability Litig.*, 399 F.Supp.2d 340, 343 (S.D.N.Y. 2005), the state court consolidated two actions, one of which was removable under the federal officer removal statute. The district court concluded that the second complaint "became removable once it was consolidated" with the first. *Id.*

Neither *Oakland* or *In re Methyl* is authority for the proposition that consolidation can destroy CAFA jurisdiction—indeed, neither even involved CAFA.[7] And neither case held that consolidation could retroactively impact the filing dates of those actions. Rather, the cases only opined on the impact of consolidation going forward—that is, the cases would be merged as of the date of consolidation.

Further, other case law disapproves the use of procedural maneuvers to avoid CAFA jurisdiction. In *Freeman v. Blue Ridge Paper Products, Inc.*, 551 F.3d 405, 407-08 (6th Cir. 2008), for example, the Sixth Circuit ruled that CAFA does not "permit the splintering of lawsuits solely to avoid federal jurisdiction." It thus aggregated the amounts in controversy in a series of suits filed by plaintiffs that had each limited damages to less than $4.9 million.

---

[7] Indeed, in the CAFA context, this Court has opined that coordination can *create* jurisdiction in "mass action" cases. *Corber v. Xanodyne Pharm., Inc.*, 771 F.3d 1218, 1220 (9th Cir. 2014) (plaintiffs' request for coordination of individual actions in state court created the basis for removal because the cases now qualified as a "mass action" under CAFA).

The Court reasoned: "If such pure structuring permits class plaintiffs to avoid CAFA, then Congress's obvious purpose in passing the statute—to allow defendants to defend large interstate class actions in federal court—can be avoided almost at will, as long as state law permits suits to be broken up on some basis." *Id.*

So here, if the "no other class action" provision could be nullified simply because a state court permitted consolidation, it would defeat CAFA's purpose of allowing multiple or overlapping actions to be litigated in federal court. Even worse, because the "local controversy exception" is not jurisdictional—subject matter jurisdiction is established once the requirements of class size, minimal diversity, amount in controversy are met—the effect of state court consolidation would be to *destroy* subject matter jurisdiction.

In short, nothing in CAFA's text, purpose, or legislative history supports that a state court consolidation has any bearing on the "no other class action" condition, let alone the ability to eviscerate CAFA jurisdiction.

\*     \*     \*

In sum, consistent with the mandate to read CAFA broadly (and its exceptions narrowly)— and with the prevailing "anniversary date" interpretation of time periods embodied in existing law— this Court must conclude that, where class actions are filed on the same day, the "no other class action" provision is

inapplicable. It must also conclude that the subsequent state court consolidation of the two cases is irrelevant to the analysis.

Accordingly, the Court must further conclude that the "local controversy" exception is inapplicable to both *Bridewell* and *Crowder*, and that the order declining to remand *Crowder* must be affirmed.

## CONCLUSION

For the reasons set forth above, Appellees-Defendants respectfully request that the Court affirm the District Court's order declining to remand this case.

Respectfully submitted,

DATED: July 23, 2015          SEYFARTH SHAW LLP

By /s/ *Kiran A. Seldon*
      Kiran A. Seldon

Attorneys for Defendants/Appellees Blue Cross of California, Anthem Blue Cross Life and Health Insurance Company, The WellPoint Companies, Inc. and The WellPoint Companies of California, Inc.

**CERTIFICATE OF COMPLIANCE WITH CIRCUIT RULE 32-1**

Pursuant to Circuit Rule 32-1, Defendants-Appellees hereby certify that the text of this Answering Brief is double-spaced, uses a proportionately spaced typeface, and contains a total of 7,536 words, based on the word count program in Microsoft Word.

Respectfully submitted,

DATED:  July 23, 2015                    SEYFARTH SHAW LLP

By: */s/ Kiran A. Seldon*
       Kiran A. Seldon

       Attorneys for Defendants-Appellees
       Blue Cross of California, Anthem
       Blue Cross Life and Health
       Insurance Company, The WellPoint
       Companies, Inc. and The WellPoint
       Companies of California, Inc.

## STATEMENT OF RELATED CASES

Pursuant to Ninth Circuit Rule of Appellate Procedure Rule 28-2.6, Defendants state that the following case is related to this action, as it raises the same or closely related issues: *Bridewell-Sledge*, *et al. v. Blue Cross of California, et al.,* No. 15-56038.

20468877v.1

| 9th Circuit Case Number(s) | 15-56039 |
| --- | --- |

NOTE: To secure your input, you should print the filled-in form to PDF (File > Print > PDF Printer/Creator).

**************************************************************************

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) | Jul 23, 2015 | .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) | /s/ Rachel D. Victor |

**************************************************************************

## CERTIFICATE OF SERVICE
### When Not All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) |         | .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format) |         |